## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
        Appellant,

    v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
        Agency.

DOCKET NUMBER
DE-3330-15-0026-I-1

DATE: April 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Shankar Ramamurthy</u>, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  In April 2014, the agency sought applicants to fill a Public Health Advisor position. *See* Initial Appeal File (IAF), Tab 9 at 83-88. The agency posted the vacancy under both a delegated examining announcement, HHS-OASH-DE-14-1088956 (DE-56), and a merit promotion announcement, HHS-OASH-MP-14-1088936 (MP-36). *See id*. at 83 (DE-56 announcement noting the concurrent MP-36 announcement and warning that applicants must apply to each separately to be considered for both). The appellant applied for the DE-56 announcement and was rated as among the "best qualified." *Id*. at 41-48 (DE-56 certification of best qualified candidates, including the appellant), 53-82 (the appellant's resume with reference to the DE-56 announcement); *see id*. at 51-52 (reflecting the appellant's 5-point veterans' preference). However, it is undisputed that the appellant did not apply for the MP-36 announcement.

¶3  The selecting official reviewed the certificates of eligible applicants for both the DE-56 and MP-36 announcements. *See id*. at 98-108. He did not select the appellant or any other eligible applicant from the DE-56 certificate to fill the Public Health Advisor vacancy. *Id*. at 98-105. However, he did fill the vacancy

with an eligible applicant from the MP-36 certificate. *Id*. at 106-08. Subsequently, the appellant filed a veterans' preference complaint with the Department of Labor (DOL), but DOL closed its investigation without providing the appellant any relief. *See* IAF, Tab 1 at 8.

¶4 Citing VEOA, the appellant appealed his nonselection to the Board. *Id*. at 3, 5. The administrative judge found that the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 3330a but denied the appellant's request for corrective action. IAF, Tab 16, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.

¶5 The appellant seems to argue that the administrative judge erred in finding that the agency did not violate any of his veterans' preference rights by filling the Public Health Advisor vacancy through the MP-36 announcement. PFR File, Tab 1 at 9-11. He also asserts that the administrative judge erred in deciding his appeal on the written record, without granting his request for a hearing. *Id*. at 6-8. We find no merit to either argument.[2]

¶6 To be entitled to relief under VEOA, an appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering

---

[2] The appellant's petition includes several additional assertions that do not provide a basis to disturb the initial decision. For example, the appellant, in an apparent attempt to establish a pattern of agency impropriety, directs our attention to emails he discovered from one agency official regarding unrelated job postings dated years before the vacancy at issue in this appeal. *See* PFR File, Tab 1 at 7-8 (referencing IAF, Tab 5 at 8-9). He also generally criticizes the agency for not hiring him for any one of at least 37 other positions for which he applied; for expending significant legal fees defending against his various appeals; for its rate of veteran hiring; and for its response to recent events, such as natural disasters. *Id*. at 10-12. None of these assertions warrant further review in this, the appeal of his nonselection to the agency's Public Health Advisor vacancy.

the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q). The administrative judge found that the appellant failed to meet that burden, and we agree.

¶7 An agency has the discretion to fill a vacant position by any authorized method. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007). There is nothing preventing the agency from doing what it did here-soliciting both delegated examining and merit promotion applicants simultaneously but only filling its vacancy from the merit promotion certificate. *See id.* (finding that the agency did not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion processes to fill the same position" and selecting someone other than the veteran under the merit promotion process); *Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). Accordingly, the appellant failed to show that the agency violated his veterans' preference rights when it filled the Public Health Advisor position through the MP-36 announcement, for which he did not apply.[3]

¶8 Although the appellant requested a hearing in this matter, IAF, Tab 1 at 2, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law, *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the

[3] In his petition, the appellant argues that the administrative judge erred in dismissing his claim that he was entitled to "priority placement" in the selection process. PFR File, Tab 1 at 9. However, he failed to identify, and we are unaware of, evidence in the record reflecting any such entitlement. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake the burden of a complete review of the record, a petitioning party must explain why a challenged factual determination is incorrect and identify specific evidence in record which demonstrates the error).

party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

¶9        The appellant argues that a hearing would have provided him an opportunity to elicit testimony about the agency's selection for its vacancy, to determine if it actually occurred, and whether it was lawful. PFR File, Tab 1 at 6-7. However, the agency presented documentary evidence of its selection from the eligible MP-36 candidates, and the appellant presented no evidence to the contrary. *See* IAF, Tab 9 at 107. The appellant's unfounded speculation that the agency's documentation could, in theory, be contradicted at a hearing does not amount to a genuine factual dispute. Accordingly, we find no error in the administrative judge's denial of the appellant's hearing request.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.